LAW LIBRARY

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CM 869-12 |
| | ) |
| | ) DECISION AND ORDER |
| | ) |
| vs. | ) (Defendant's Motion to Dismiss Case on *De* |
| | ) *Minimis* Grounds) |
| PEDRO MANGLONA ROSARIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 20, 2013, on Pedro Manglona Rosario's ("Defendant") Motion to Dismiss Case on *De Minimis* Grounds. Assistant Public Defender Jocelyn M. Roden represented Defendant. Assistant Attorney General Richelle J. Yu represented the People of Guam ("the People"). The parties submitted on their respective briefs and the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

A Magistrate's Complaint was filed on October 1, 2012, charging the Defendant with Resisting Arrest (as a Misdemeanor) and Disorderly Conduct (as a Petty Misdemeanor). See Magistrate's Complaint (Oct. 1, 2012). It is alleged that the Defendant was holding a knife walking along Route 4 by the Chalan Pago Church on September 29, 2012. "As [o]fficers made a u-turn to inquire with [Defendant] if everything was alright, the [Defendant] crossed the southbound lane with no regard for traffic causing several vehicles to come to a halt nearly

People v. Pedro M. Rosario (CM869-12)                                                Page 1 of 5
Decision and Order – Defendant's Motion to Dismiss Case on *De Minimis* Grounds

**ORIGINAL**

causing an accident among the cars and the [Defendant]. After several attempts by the police to talk with the [Defendant] he finally responded while brandishing his knife in the air yelling, 'Leave me alone!' 'My problem is between me and my wife!' [Defendant] walked again right onto the road crossing the South and North [bound] lanes of travel causing vehicles on both sides to make abrupt stops to avoid hitting [him]. When [o]fficers attempted to arrest [Defendant], [he] struggled and resisted by pulling and tucking his arms and hands to his chest." Id. at Declaration.

Defendant was arraigned on October 24, 2012. He plead not guilty and waived his right to a speedy trial. Super. Ct. of Guam Minute Entry Log No. 103535 (Oct. 24, 2012).

On October 16, 2013, Defendant filed a Motion to Dismiss Case on *De Minimis* Grounds. On November 20, 2013, the People filed their opposition to the Defendant's Motion to Dismiss. The Court heard the matter on November 20, 2013.

## DISCUSSION

Defendant moves the Court to dismiss the instant case pursuant to 9 GCA § 7.67 (b). See Def.'s Mot. to Dismiss at 4 (Oct. 16, 2013). Defendant argues that "there was no property damage, no threat of violence, and although he had a knife in his possession, he wasn't using it as a weapon threatening to harm any person." Id at 3 (Oct. 16, 2013). In addition, Defendant contends that although his behavior during his arrest was "not fully cooperative still does not rise to the level of resisting arrest to justify a misdemeanor conviction." Id. Based on the foregoing, Defendant "moves to dismiss this case on de minimis grounds pursuant to 9 GCA § 7.67 (b) to prevent an absurd application of the criminal law." Id. at 4. Defendant concludes arguing that his alleged conduct "did not cause or threaten the harm or evil sought to be

prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." Id.

The People oppose Defendant's motion. They argue that dismissal of this case on de minimis grounds is inappropriate under 9 GCA § 7.67. "Here, there is nothing absurd about the current application of Resisting Arrest and Disorderly Conduct to Defendant's conduct." People's Opp'n Mot. at 2 (Nov. 20, 2013). The People argue that "Defendant's actions caused several cars to come to an abrupt stop to avoid collision with him, and this almost caused a traffic accident. Additionally, individuals were alarmed by Defendant's conduct." Id. The People also argue that "when officers tried to restrain Defendant, he refused to comply and tucked his hands and arms to his chest, making the situation even more dangerous. Therefore, Defendant's conduct was not trivial, is absolutely reasonable to prosecute, and matches the conduct that the legislature sought to prevent in 9 GCA § 61.15(a)(3) and 9 GCA §55.35." Id.

Guam's *de minimis* prosecution statute provides that:

**§ 7.67. Appropriateness of Prosecution.**

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct: (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense.

9 GCA § 7.67 (2005).

The Supreme Court of Guam in review of the above statute adopted New Jersey's approach in determining risk of harm to which society may be exposed. The Supreme Court ruled that "the following factors are relevant to an analysis of § 7.67(b): (a) the circumstances

surrounding the commission of the offense; (b) the existence of contraband; (c) the amount and value of property involved; (d) the use or threat of violence; and (e) the use of weapons." *People v. Perez*, 2004 Guam 4 ¶ 12.

Defendant is charged with Resisting Arrest. Resisting Arrest is provided as follows:

§ 55.35 Resisting Arrest of Self or Others; Defined & Punished.

A person is guilty of a misdemeanor when, with intent to prevent or delay the arrest of himself or another person by one whom he knows or reasonably should know to be a peace officer acting in an official capacity, he prevents or delays that arrest by the use or threat of force or by physical obstruction. For purposes of this Section, a peace officer shall include apprehending officers designated under Article 2 of 10 GCA Chapter 51, as well as peace officers as defined under 9 GCA § 1.70.

9 GCA §55.35.

Defendant is also charged with Disorderly Conduct. Title 9 GCA § 61.15(a)(3) states:

(a) A person is guilty of disorderly conduct, if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
(3) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the defendant.

9 GCA § 61.15.

The Court finds that Defendant was observed by police officers standing in the median lane of a highway with a knife, and then crossing several lanes with oncoming traffic. Defendant's non-compliance with officers ultimately led to his arrest. Likewise, the nature of his behavior coupled with the brandishing of a knife were enough based on the facts herein for him to be charged with disorderly conduct.

In *People v. Quichocho*, 1997 Guam 13 ¶ 5, the Court held that if a statute is unambiguous, then judicial inquiry is complete. In regards to Defendant's pending charge, this Court agrees with the People in their argument that this type of conduct is not trivial, is absolutely reasonable to prosecute, and comports with the conduct that Resisting Arrest and

Disorderly Conduct seeks to prevent. The Court does not find an inappropriate application of the statute with the case at bar.

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Case on *De Minimis* Grounds.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Case on *De Minimis* Grounds.

Further Proceedings is scheduled for ___2/26/14 @ 10a.m___

**SO ORDERED** this ___24___ day of JANUARY, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the box of:

AG/PDSC

JAN 2 4 2014 Time: 330pm

Deputy Clerk, Superior Court of Guam

JAN 2 4 2014